IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH WEST, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-971 |
| | § | |
| DOUG DRETKE, Director of the Texas | § | |
| Department of Criminal Justice - Correctional | § | |
| Institution Division, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Through retained counsel, petitioner Kenneth West, an inmate incarcerated in the Texas

Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a

petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his underlying conviction

for murder.  (Docket Entry No.1).  Respondent has filed a motion for summary judgment, seeking

dismissal of the petition on the ground that petitioner has failed to establish that he is entitled to

federal habeas corpus relief.  (Docket Entry No.6).  Petitioner has filed a response to the motion.

(Docket Entry No.10).  After considering all pleadings and the entire record, the Court will grant

respondent's motion for summary judgment and dismiss this habeas petition.

Background and Procedural History

A jury in the 176th State District Court of Harris County, Texas found petitioner guilty of

first degree murder in cause number 771595.  *State v. West*, No.771595 (176th Dist. Ct., Harris

County, Tex. Aug. 7, 1998) (Clerk's Record at 52).  The state district court assessed punishment at

sixty years confinement in TDCJ-CID.  *Id.* at 68.

On direct appeal, petitioner challenged his conviction on grounds that the trial court abused

its discretion in admitting evidence of an extraneous shooting and in refusing to instruct the jury on

the law of self-defense with respect to the extraneous shooting.  *West v. State*, No.14-98-01303-CR

(Tex. App.–Houston [14th Dist.] 2001) ("*West* 1").   In its opinion affirming the lower court's

judgment, the Fourteenth Court of Appeals for the State of Texas summarized the evidence as

follows:

> On June 6, 1997, at about 2:00 a.m., Jerome Sampson drove his friends, Sammy
> Johnson, Robert Levi, and Carl Anderson, to the Carrington Club parking lot after a
> concert at the club.  They visited with friends for a short time, then Jerome Sampson
> started driving the group toward the exit. Appellant and Chris White walked up
> behind Sampson's car and fired approximately thirty shots into the rear of the car.
> Sammy Johnson died at the scene from a bullet wound to the rear of his head, and the
> other three men were wounded by bullets during the shooting.
>
> Two eye witnesses testified that they observed appellant standing behind Sampson's
> car firing bullets into it.  Lawrence Fields was driving a car in front of Sampson's car,
> and he and his girlfriend, Tracy, heard the shooting.  Fields turned around in his seat
> and saw gun flashes and then saw appellant standing behind Sampson's car.  Larry
> Risher stated that he recognized appellant from having seen him ten to fifteen times
> before at other clubs. When he first observed appellant, Risher testified that appellant
> was walking toward Sampson's car.  Risher also saw White walking up to Sampson's
> car.  Appellant walked around the back of Sampson's car and opened fire.
>
> Appellant's trial counsel extensively cross-examined Risher and Fields to test their
> powers of observation.  Fields admitted to wearing glasses, but did not have them on
> that night.  He stated he could see well without glasses, but admitted he could see
> better with them.  Appellant's counsel repeatedly challenged Fields' ability to see
> well enough to identify the appellant on a dark night from a distance of 100 feet.
> Although Risher had no visual problems, appellant's counsel repeatedly challenged
> his ability to identify appellant as a shooter.  Appellant's counsel also questioned
> Risher as to why he took over three months to report the killing to the police.
> Appellant's counsel also questioned Risher as to why he could not remember what
> type clothing appellant was wearing on that night.  Risher also stated he thought there
> were three or four shooters.
>
> After the State rested, appellant called Marlo Bluitt as a witness to the incident.  She
> stated there were three men involved in the shooting, none of which was appellant.
> She stated the third man was named "Cha Cha."  Marlo and Cha Cha ducked behind
> a car when the shooting started and she did not see the shooting take place.

(*Id.*, slip opinion at 2-3).

The Fourteenth Court of Appeals further summarized testimony at the guilt-innocence phase

of trial with respect to evidence of an extraneous offense, as follows:

The trial court held a hearing outside the presence of the jury to determine the admissibility of the extraneous shooting which occurred on November 9, 1996, at about 2:00 a.m., at an Exxon station across the street from the Carrington Club. The State contended such offense was admissible on the issue of appellant's identity because his theory of defense was that he was present at Carrington's but he did not participate in the shooting. The State also argued that the other killing was admissible to show appellant's motive. Both killings were similar, but appellant objected that to be admissible, the extraneous offense must be so similar to the offense charged that the offenses are marked as the accused's handiwork.

In the extraneous case, four men left the Carrington Club at 2:00 a.m., after it closed and they drove a green Elantra to the Exxon across the street. The Exxon station was very crowded with partygoers from the club. Appellant and Chris White walked by the car and started shooting at the back of the car. The car was hit with approximately twenty-five bullets, and Efrem Breaux died from two of four bullets that hit him in the upper part of his back.

After the hearing out of the jury's presence, Christopher St. Romaine was called by the State as a witness. St. Romaine stated he was high on codeine cough syrup and marijuana when he left Carrington's Club at closing time and met with appellant and White. St. Romaine stated that appellant indicated a group of men were after him and had been following him. White drove appellant, St. Romaine, and another man, Winfrey, from the club to the Exxon station. The Exxon parking lot was full of cars, and White parked alongside the Exxon building. Appellant, White, and St. Romaine got out of White's car and walked around the Exxon lot. Winfrey stayed in the car and slept through the entire incident. White saw the green Elantra and said, "those were the guys at Carrington." White walked up to the green Elantra and asked someone in the car if they had any problems with him. St. Romaine stated he observed Breaux bend forward and reach for something. White said, "he's got a gun," and ran away. St. Romaine ran away, and heard gunshots. He turned and saw appellant and White shooting at the green Elantra.

*Id.* at 3-4.

The Fourteenth Court of Appeals affirmed the conviction on procedural grounds. The Texas Court of Criminal Appeals, however, reversed and remanded the case for further proceedings. *West v. State*, No.1195-01 (Tex. Crim App. 2002) (not designated for publication). On remand, the Fourteenth Court of Appeals for the State of Texas addressed the merits of petitioner's appeal and affirmed the state district court's judgment. *West v. State*, No.14-98-01303-CR (Tex. App.–Houston [14th Dist.] 2003) (opinion on remand) (not designated for publication) ("*West* 2"). The Texas Court

of Appeals refused petitioner's petition for discretionary review.  *West v. State*, No.414-03 (Tex. Crim. App. 2003).

Petitioner subsequently challenged his conviction by means of a state habeas corpus application on the following grounds:

1.    Petitioner was denied due process of law and a fair trial by the admission of evidence of an extraneous offense at the guilt-innocence phase of trial;

2.    Petitioner was denied due process of law and a fair trial by the prosecutor's questioning of a police officer regarding an extraneous arrest;

3.    Petitioner was denied due process of law and a fair trial by the trial court's instruction with respect to the law of parties, which allowed the jury to convict petitioner on a theory not charged in the indictment;

4.    The jury instruction on the law of the parties unconstitutionally amended the indictment in violation of petitioner's right to grand jury indictment;

5.    Petitioner was denied the effective assistance of counsel by his trial counsel's failure to object to (a) evidence of an extraneous murder on due process grounds, (b) evidence of an extraneous arrest on due process grounds; (c) the jury instruction on the law of the parties on the ground that such instruction allowed the jury to convict him of murder on a theory not charged in the indictment; and, (d) the jury instruction on the law of the parties on the ground that it unconstitutionally broadened the indictment.

*Ex parte West*, Application No. WR-55,520-02, pages 7-10.  The state district court entered findings of facts and conclusions of law and recommended that relief be denied.  *Id.* at 105-06.  The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing.  *Id.* at cover.

In the pending federal petition, petitioner seeks federal habeas corpus relief on the same grounds that he  raised in his state habeas application.  He does not, however, contend that his trial

counsel rendered ineffective assistance by failing to object to the jury instruction on the law of the parties.[1]  (Docket Entry No.1).

Respondent moves for summary judgment on the ground that petitioner's complaints with respect to the (a) admission of extraneous offense evidence; (b) prosecutor's questions regarding an extraneous arrest; and, (c) jury instruction on the law of the parties, are procedurally barred because petitioner's trial counsel did not object to these issues on due process grounds at trial.  Respondent further moves for summary judgment on the ground that the state court's findings that petitioner's trial counsel rendered constitutionally effective assistance of counsel is a reasonable application of federal law.  (Docket Entry No.6).

Analysis

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact."  *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).  The Court may grant summary judgment on any ground supported by the record,

---

[1]  Petitioner argues in one short paragraph in his Memorandum and Points of Authority in Support of Petition for Writ of Habeas Corpus (Docket Entry No.2) that his trial counsel's failure to object to the jury instruction violated both prongs of *Strickland v. Washington*.  He does not raise this claim in his original habeas petition (Docket Entry No.1) or in his Response to Respondent's Motion for Summary Judgment. (Docket Entry No.10).

even if the ground is not raised by the movant.  *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

Under the AEDPA, a federal habeas petition on behalf of a person in custody pursuant to a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless he shows that the prior adjudication:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court.  28 U.S.C. § 2254(d)(1),(2); *Williams v. Taylor*, 529 U.S. 362, 411-13 (2000); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  Absent a direct conflict with a Supreme Court decision, a federal district court may grant the writ "only if the state court 'unreasonably applies [clearly established federal law, as determined by the Supreme Court] to the facts of the prisoner's case, . . . [or makes] an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.'  The standard is one of objective reasonableness."  *Montoya v. Johnson*, 226 F.3d 399, 403-04 (5th Cir. 2000) (quoting *Williams*, 529 U.S. at 412-13 (O'Connor, J., concurring).  Findings of fact made by state courts are presumed correct on federal habeas review and petitioner bears the burden to rebut the findings with clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

While Rule 56 of the Federal Rules regarding summary judgment applies generally "with equal force in the context of habeas corpus cases,"  *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with the habeas rules.  *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (citing Rule 11 of the Rules Governing Section 554 Cases in District Courts), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).  Therefore, section 2254(e)(1), which mandates that findings of fact made by a state court are presumed correct, overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be

construed in the light most favorable to the non-moving party. *Id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Id.*

<u>Ineffective Assistance of Counsel</u>

Petitioner contends that he was deprived of the effective assistance of counsel at trial because his trial counsel failed to object on due process grounds to the admission of evidence of an extraneous un-adjudicated offense and to questioning about an extraneous arrest. (Docket Entry No.1). Respondent moves for summary judgment on the ground that the state courts' finding that trial counsel's performance was effective is a reasonable application of clearly established federal law. (Docket Entry No.6).

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of trial counsel is measured by the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on an ineffective assistance of counsel claim, petitioner must establish that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Ogan v. Cockrell*, 297 F.3d 349, 360 (5th Cir. 2002) (citing *Strickland*, 466 U.S. at 692). The failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

Counsel's performance is deficient when the representation falls below an objective standard of reasonableness. *Ogan*, 297 F.3d at 360. Judicial scrutiny of counsel's performance must be "highly deferential," indulging in a "strong presumption" that "trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *West v. Johnson,* 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner "must

identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1993). Mere "error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 687-90. A deficiency in counsel's performance, standing alone, does not equal ineffective assistance of counsel if no actual prejudice is demonstrated.

Counsel's deficient performance results in actual prejudice when a reasonable probability exists "that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Confidence in the outcome of the trial is undermined when counsel's deficient performance renders "the result of the trial unreliable or the proceeding fundamentally unfair." *Pratt v. Cain*, 142 F.3d 226, 232 (5th Cir. 1998) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993)). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Pratt*, 142 F.3d at 232 (quoting *Lockhart*, 506 U.S. at 372).

A claim of ineffective assistance of counsel presents a mixed question of law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 946 (5th Cir. 2001). Because petitioner's ineffective-assistance claims were previously considered and rejected on state habeas corpus review, the state court's decision on those claims will be overturned only if it is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

<u>Testimony Regarding an Un-adjudicated Extraneous Offense</u>

8

Citing *West* 2, the state habeas court found that "[t]he trial court's decision to admit the evidence of the extraneous murder offense was proper because this evidence was relevant under Rule 404(b) and admissible under Rule 403 of the Rules of Evidence." *Ex parte West*, No.771595-A at 105. The state habeas court further found that petitioner failed to show that his trial counsel was ineffective for failing to properly object to the trial court's admission of evidence concerning an extraneous murder. *Id.* By denying petitioner relief on the trial court's findings, the Texas Court of Criminal Appeals adopted these findings. *Ex parte West*, No.WR-55,520-02 at cover.

Petitioner concedes that his trial counsel objected to the admission of evidence of an un-adjudicated extraneous offense pursuant to Texas Rules of Evidence 404(b) and 403. He complains that trial counsel was constitutionally ineffective because he did not also object to the admission of such evidence on due process grounds. (Docket Entries No.1, No.2, No.10).

"[W]hen a state court admits evidence that is 'so unduly prejudicial that it renders the trial fundamentally unfair, the Due Process Clause of the Fourteenth Amendment provides a mechanism for relief.' " *Dawson v. Delaware*, 503 U.S. 159, 179 (1992) (quoting *Tennessee v. Bane*, 510 U.S. 808 (1993)). In conducting this analysis, it is irrelevant whether the evidence was correctly admitted pursuant to state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Rather, the sole inquiry is whether the admission violated the Constitution. *Id.* at 68.

"An extraneous offense may be admitted into evidence without violating the due process clause if the government makes a 'strong showing that the defendant committed the offense' and if the extraneous offense is 'rationally connected with the offense charged.' " *Story v. Collins*, 920 F.2d 1247, 1254 (5th Cir. 1991) (quoting *Enriquez v. Procunier*, 752 F.2d 111, 115 (5th Cir. 1984)). Even if evidence of an extraneous offense is wrongly admitted into evidence at the guilt phase of a criminal trial, habeas corpus relief is appropriate only if the error is of such a magnitude that it resulted in "fundamental unfairness." *Hafdahl v. Johnson*, 251 F.3d 528, 536 (5th Cir. 2001).

The State, in this case, made a strong showing that petitioner committed the extraneous murder. Christopher St. Romaine, petitioner's friend and an eyewitness to the shooting, testified that he saw petitioner and Chris White walk by the car and started shooting at the back of the car. *West 1*, slip opinion at 4. Other evidence showed that the car was hit with approximately twenty-five bullets, and that Efrem Breaux, a back seat passenger in the car, died from two of four bullets that hit him in the upper part of his back. *Id.* at 3.

On remand, the state appellate court found the extraneous offense and the charged offense to be rationally related to petitioner's identity as one of the shooters to the present offense. *West 2*, slip opinion at 4. The state appellate court found that during the guilt-innocence phase of trial, appellant's trial counsel allowed that appellant was present at the scene of the murder, but "repeatedly challenged [the eyewitnesses to the murder] as to the accuracy of their identification of appellant as one of the shooters. Moreover, another witness to the incident testified that appellant was not involved, as did appellant himself." *Id.* at 2. "In rebuttal, the State offered evidence showing that six months earlier, appellant and his accomplice walked up behind another car parked at an Exxon service station, across the street from the Carrington Club, at approximately 2;00 a.m. and fired twenty-five shots into the back of the vehicle. Again, one occupant was killed." *Id.*

The record supports the findings of the state appellate court with respect to proof of the commission of the extraneous offense and its rational relationship to the charged offense. Moreover, there is no evidence that admission of extraneous offense evidence rendered the entire trial fundamentally unfair.

Based on the foregoing, the Court concludes that petitioner's trial counsel did not render a deficient performance because he failed to voice a due process objection to the admission of evidence of an un-adjudicated extraneous offense during the guilt-innocence phase of trial. Moreover, petitioner fails to show that he was prejudiced by the admission of such evidence because

he has not shown that such objection would have resulted in a different outcome at trial. *See Strickland*, 466 U.S. at 692. Accordingly, petitioner has not shown that the state courts unreasonably applied federal law in rejecting his ineffective-assistance claim. *See* 28 U.S.C. § 2254(d)(1). The Court will grant respondent's motion for summary judgment on this ground.

<u>Questioning Regarding an Extraneous Arrest</u>

In his original petition, petitioner complains that he was denied due process and a fair trial by the prosecutor's misconduct in questioning a police officer about an extraneous arrest, and he was denied the effective assistance of counsel because his trial counsel did not object to the same on due process grounds. (Docket Entry No.1). In his memorandum in support of the petition, petitioner contends the State's production of evidence of an extraneous arrest denied him due process and a fair trial. (Docket Entry No.2). He complains that the extraneous arrest occurred after the date of the charged offense and was not probative of any issue before the jury. (*Id.*). Instead, he argues, the production was a calculated attempt by the prosecutor to show petitioner had a propensity for engaging in criminal conduct. (*Id.*).

The record shows that Police Officer Carlton R. Thomas testified that on June 10, 1997, he met petitioner after midnight and that he filed a report. *West v. State*, Reporter's Record Volume V, pages 64-65. When the prosecutor asked whether Thomas had stopped and arrested petitioner, petitioner's trial counsel asked to approach the bench. *Id.* at 66. After some discussion, the prosecutor informed the state district court that Thomas was going to testify that he had arrested petitioner and Chris White for outstanding traffic warrants. The prosecutor indicated that the testimony was necessary to show that the two men had been seen together. *Id.* at 67. Petitioner's trial counsel complained the testimony amounted to testimony of an extraneous offense and objected to the admission of such evidence. *Id.* at 67-68. The state district court sustained the objection with

respect to the arrest but not to testimony that Thomas saw the two men together. *Id.* at 68. Petitioner's trial counsel objected on evidentiary grounds. *Id.* at 68-69. The state district court overruled the objection. *Id.* at 69. Thomas testified after viewing his report that he saw petitioner with White on June 10, 1997, in a 1997 Monte Carlo. *Id.* at 70-72.

The state district court found that because Thomas did not provide any testimony or evidence about the extraneous arrest, petitioner failed to show that he was harmed by the prosecutor's question. *Ex parte West*, No.771595-A at 105. Presumably a rational jury could find that Thomas arrested petitioner and White for some offense on the night in question because the prosecutor asked if Thomas had arrested petitioner and Thomas later used a police report to refresh his memory when answering questions. Still, Thomas did not testify to the nature of the offense for which petitioner and White were arrested or the events that led to the arrest. Assuming, *arguendo*, that the admission of such evidence offends due process, petitioner fails to show that the admission of such testimony so tainted the trial so as to render it fundamentally unfair, especially in light of the strong evidence against him. For this reason, he also fails to show that his trial counsel's failure to object to the questioning and admission of Thomas's testimony on due process grounds prejudiced his defense. Accordingly, petitioner fails to show that the state courts unreasonably applied federal law in rejecting this ineffective-assistance claim. The Court will grant respondent's motion for summary judgment on this ground.

<u>Procedural Bar</u>

Respondent next moves for summary judgment on procedural grounds. Respondent contends that the Court is precluded from considering petitioner's claims regarding the admission of evidence of an extraneous offense and to the prosecutor's questioning about an extraneous arrest because the claims are procedurally barred. (Docket Entry No.6). Federal review of a claim is procedurally

12

barred if the last state court to consider the claim clearly based its denial of relief on procedural default. *Ylst v. Nunnemaker*, 501 U.S. 797, 802-04, (1991).

Citing *Ex parte Crispen*, 777 S.W.2d 103, 105 (Tex. Crim. App. 1989), in which the Texas Court of Criminal Appeals explains its adherence to the contemporary objection rule, the state district court, in this case, found that petitioner's claims regarding the admission of evidence of the extraneous offense and arrest need not be considered because "Applicant failed to preserve any error related to these allegations during trial." *Ex parte West*, Application No.771595-A, page 105.  The state district court also found the evidence of the extraneous murder offense was admissible and that petitioner was not harmed by the questioning or admission of evidence of the extraneous arrest. *Id.* The Texas Court of Criminal Appeal adopted these findings when it denied petitioner's state habeas application on the trial court's findings. *Ex parte West*, Application No.WR-55, 520-2 at cover.

The Fifth Circuit has recognized that the Texas contemporaneous objection rule, which requires a timely objection to preserve error for appeal, is strictly or regularly applied, and is therefore an adequate procedural bar. *Dowthitt v. Johnson*, 230 F.3d 733, 752 (5th Cir. 2000).  The finding by the state habeas court is the "last reasoned opinion" to rest its judgment on the procedural default. *Ylst*, 501 U.S. at 903.  Accordingly, petitioner's complaints regarding the admission of evidence of an extraneous offense and an extraneous arrest on due process grounds are barred under the doctrine of procedural default unless the petitioner can show that he fits within an exception to that rule. *Id.*

Petitioner, nevertheless, contends that because the state district court addressed the merits of his claim and did not explicitly rely on the contemporaneous objection rule, he may seeks federal habeas review of these claims. (Docket Entry No.10).  The rule, however, in this circuit is "when a state court bases its decision upon the alternative grounds of procedural default and a rejection of the merits, a federal court must, in the absence of good 'cause' and 'prejudice,' deny habeas relief

because of the procedural default. *Cook v. Lynaugh*, 821 F.2d 1072, 1077 (1987); *see also Hughes v. Dretke*, 412 F.3d 582, 592 (5th Cir. 2005), *petition for writ of cert. filed*, ___U.S.L.W. ___ (U.S. Oct. 18, 2005 (No. 05-7107).

Violation of a "firmly established and regularly followed" state rule is adequate to foreclose review of a federal claim under the doctrine of procedural default. *Lee v. Keman*, 534 U.S. 362 (2002). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "This doctrine ensures that federal courts give proper respect to state procedural rules." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997).

Petitioner does not allege that he is actually innocent or that he otherwise fits within the fundamental miscarriage of justice exception. Therefore, he must demonstrate both cause and actual prejudice to avoid the procedural bar. The United States Supreme Court has held that "the existence of cause for procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753. "Examples of external impediments include active government interference or the reasonable unavailability of the factual or legal basis for the claim." *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997). Actual prejudice requires a showing that, based on the success of the underlying defaulted claim, the result of the proceeding would somehow have been different. *Barrientes v. Johnson*, 221 F.3d 741, 769 (5th Cir. 2000).

Ineffective assistance of counsel may, in some circumstances, constitute cause for a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). "Not just any deficiency will

14

do, however; the assistance must have been so ineffective as to violate the Federal Constitution." *Id.* "In other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is itself an independent constitutional claim." *Id.* (emphasis in original).

The Court has considered petitioner's claims of ineffective assistance of counsel and concluded that he has no valid claim concerning his counsel's effectiveness at trial. Absent an independent claim for ineffective assistance of counsel, petitioner has failed to demonstrate cause for his procedural default. Accordingly, claims with respect to the admission of un-adjudicated extraneous offenses is barred. Respondent's motion for summary judgment on this claim will be granted.

<u>Jury Instruction</u>

Respondent also moves for summary judgment on the ground that petitioner's complaints regarding the jury instructions are procedurally barred. Petitioner complains that he was denied due process by the state district court's instruction to the jury on the law of the parties, which allowed the jury to convict him of murder on a theory not charged in the indictment. Petitioner further complains that the jury instruction on the law of the parties unconstitutionally amended the indictment in violation of his right to a grand jury indictment as guaranteed by the Fifth and Fourteenth Amendment to the United States Constitution.

Citing *Ex parte Coleman*, 599 S.W.2d 305, 306 (Tex. Crim. App. 1978), the state habeas court found that petitioner had failed to challenge the jury instruction on the law of the parties on direct appeal and on grounds that the allegedly defective charge violated due process. *Ex parte West*,

No.771595-A at 105.  For this reason, the state habeas court reasoned that petitioner's "challenge to the trial court's parties charge need not be considered on habeas."  *Id.*

At the time petitioner filed his notice of appeal in October of 1998, the law in Texas, as established on rehearing in *Ex parte Gardner*, required a convicted criminal defendant to present any and all claims then available as points of error on direct appeal.  959 S.W.2d 189, 199 (Tex. Crim. App. 1996) (modified on motion for rehearing on February 2, 1998).  For unknown reasons, petitioner's appellate counsel failed to assert petitioner's complaints regarding the jury instructions on direct appeal.  For this reason, petitioner has procedurally defaulted these claims in this Court. *See Busby v. Dretke*, 359 F.3d 708, 719 (5th Cir. 2004) (holding that the opinion, as modified, in *Ex parte Gardner*, 959 S.W.2d at 199 furnishes the foundation for this new state procedural rule), *cert. denied*, 541 U.S. 1087 (2004).

The Fifth Circuit recognizes a presumption that a state procedural rule is an adequate and independent basis for foreclosing federal habeas review and that the burden is on the petitioner to demonstrate otherwise, *i.e.*, to show that a state procedural rule is not firmly established or regularly applied. *Johnson v. Cain*, 215 F.3d 489, 494 (5th Cir. 2000).  Petitioner has made no effort to show that this procedural rule was not regularly applied in similar cases by the Texas Court of Criminal Appeals.

Moreover, petitioner fails to demonstrate either cause or actual prejudice necessary to avoid the procedural bar.

The state habeas court alternatively found that petitioner failed to show that the state district court's instruction on the law of the parties was improper because the state court may charge the jury on the law of the parties even though no such allegation was presented in the indictment and because

16

evidence was presented in trial about petitioner's culpability as a party. *Ex parte West,* No.771595-A at 105-06. The Texas Court of Criminal Appeals adopted these findings by its denial of petitioner's state habeas application. *Id.* at cover.

The Fifth Circuit Court of Appeals has held that under Texas law, " 'one who has been indicted as a principal may, on proper instructions, be convicted on evidence showing only that he aided and abetted the commission of the offense.' " *Jacobs v. Scott*, 31 F.3d 1319, 1329 (5th Cir. 1994) (quoting *United States v. Robles-Pantoja*, 887 F.2d 1250, 1255 (5th Cir. 1989)). Because the record reflects evidence that petitioner acted with another party to commit murder, it was not error for petitioner to be indicted as a principal and the jury to be instructed on the "law of the parties."

Petitioner's complaint with respect to the denial of indictment by a grand jury is also without merit. The law is well-settled that the federal guarantee of a grand jury indictment has not been applied to the states. *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972); *Branzburg v. Hayes*, 408 U.S. 665 (1972). To the extent that petitioner claims his trial counsel was ineffective for failing to object to the jury instruction on due process or grand jury grounds, petitioner fails to show that his trial counsel was constitutionally ineffective.

Based on the foregoing, the Court finds that petitioner fails to show the state habeas court's rejection of the jury instruction claims was unreasonable. The Court will grant respondent's motion for summary judgment on this ground.

<u>Certificate of Appealability</u>

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for

that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would disagree with the Court's procedural ruling.  Therefore, a certificate of appealability from this decision will not issue.

<u>Conclusion</u>

Finding no unreasonable application of clearly established federal law in the record of the state habeas proceeding, the Court ORDERS the following:

1.      Respondent's motion for summary judgment (Docket Entry No.6) is GRANTED.  Petitioner's habeas action is DENIED.

2.      Petitioner's habeas petition is DISMISSED, with prejudice.

3.      A Certificate of Appealability is DENIED.

        The Clerk will provide a copy to the parties.

        Signed at Houston, Texas, on January 20, 2006.

18

MELINDA HARMON
UNITED STATES DISTRICT JUDGE